996 F.2d 1217
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re Lee SURFACE, Debtor.
Lee SURFACE, Plaintiff-Appellant,
v.
Gail MEYER, Defendant-Appellee.
 No. 93-3043.
 United States Court of Appeals, Sixth Circuit.
 June 29, 1993.
 
 Before: MARTIN, SILER and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Lee Surface, proceeding without benefit of counsel, appeals from the decision of the district court affirming the judgment of the bankruptcy court. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 This is an appeal from a Chapter 7 bankruptcy proceeding in which the plaintiff seeks to enjoin a payroll deduction, (wage assignment order payable to Surface's former wife) entered by an Indiana court. The crux of Surface's argument to the bankruptcy court was that his former wife's failure to file a complaint under § 523(a)(5) of the Bankruptcy Code, in the bankruptcy court to determine the dischargeability of Surface's debt, resulted in the debt being discharged. The defendant, Gail Meyer, is the Accounting Manager of Surface's employer, Navistar International, Inc., and is responsible for administering the payroll deduction in accordance with the court ordered wage assignment.
 
 
 3
 The bankruptcy court determined that Surface was not entitled to injunctive relief because he could not bear his burden of proving that a debt to his former wife, Sandra S. Taylor, was discharged, and therefore, could not demonstrate that he is entitled to the rights afforded by 11 U.S.C. § 524. The district court affirmed the decision of the bankruptcy court for the reasons set forth in the bankruptcy court opinion. Upon review, we find no error.
 
 
 4
 Surface's first allegation of error is that the district court applied the wrong standard of review to the bankruptcy court's decision. The record reveals that the district court clearly understood its duty to review de novo the bankruptcy court's legal conclusions and to review the factual determinations for clear error (citing Bnkr.R. 8013; Martin v. Bank of Germantown (In re Martin), 761 F.2d 1163, 1166 (Bankr. 6th Cir1985), and First Nat'l Bank of Barnesville v. Rafoth (In re Baker & Getty Financial Services, Inc.), 954 F.2d 1169, 1170-71 (Bankr. 6th Cir.1992)) (Jt.App. p. 73, p 1). The district court did not apply an incorrect standard of review.
 
 
 5
 In his second allegation of error, Surface reasserts that his former wife is not entitled to receive the wage assignment because she failed to make a timely objection pursuant to 11 U.S.C. § 523(a)(5), to the debt's dischargeability. Section 523(a)(5), however, does not provide an automatic discharge of a debt for alimony and support if a creditor fails to file an adversary proceeding prior to the debt's discharge. Instead, an action to have a debt declared nondischargeable under § 523(a)(5) can be filed at any time. Hill v. Hill (In re Hill), 26 B.R. 156, 159 (Bankr.S.D.Ohio 1983).
 
 
 6
 Additionally, Surface's former spouse is not a party to this action, so the dischargeability of the debt owed to her is not before the court. Similarly, Surface concedes that the dischargeability of the debt has never been adjudicated. Therefore, Surface, who bears the burden of proof, cannot prove that he is entitled to the rights afforded by § 524 of the Bankruptcy Code which enjoins efforts to collect only discharged debts. Worthing v. The Connecticut National Bank (In re Worthing), 24 B.R. 774, 778 (Bankr.Conn.1982).
 
 
 7
 Accordingly, the judgment of the district court is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.